IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Gregory Lamont Blanding, | ) | C/A No. 0:09-1270-HMH-PJG |
| Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Lt. R. Gilchrist, Cpl. Campbell, and Ofc. Gibbons, | ) | |
| Defendants. | ) | |

The plaintiff, Gregory Lamont Blanding ("Blanding"), a self-represented state prisoner, filed this action pursuant to 42 U.S.C. § 1983. Blanding's claims stem from events that occurred while he was housed at McCormick Correctional Institution ("McCormick"). This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion for summary judgment. (Docket Entry 30.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Blanding of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (Docket Entry 31.) Blanding filed a response in opposition. (Docket Entry 35.) Having reviewed the parties' submissions and the record in this case, the court finds that the defendants' motion for summary judgment should be granted in part and denied in part.

## BACKGROUND

This matter arises out of an altercation between Blanding and the defendants on January 20, 2009. The parties' versions of the events surrounding this incident vary widely.

Blanding's verified Complaint presents the following detailed facts.[1] Blanding asserts that upon arriving at McCormick's cafeteria, Defendant Gilchrist prevented the inmates from entering a particular serving line. After Blanding made a comment to Defendant Gilchrist, Defendant Gilchrist "snatched" him out of the serving line. Blanding contends that he told Defendant Gilchrist to "please keep his hands off of [Blanding]," but that Defendant Gilchrist continued pushing and shoving him and led him outside the cafeteria area. Blanding states that Defendant Gilchrist then swung a closed fist at his face and tried to grab him. At that point, someone struck Gilchrist in the face from his blind side. Then Defendant Gilchrist sprayed Blanding in the face with chemical munitions, while Defendants Gibbons and Campbell punched, kicked, and stomped him. Blanding was then handcuffed and taken to the Special Management Unit ("SMU"). Blanding states that on the way to SMU the defendants continued to assault him and then threw him in a cleaning supply closet in SMU. Blanding alleges that the defendants continued to assault him in the closet, while he begged them to stop. According to Blanding, the defendants kept stating that "you don't pissed [sic] off Lt. Gilchrist. That I was going to learn." Blanding states that he lost consciousness while the defendants continued to kick, punch, and stomp him. At that point, Blanding states that his handcuffs were removed and Defendant Gilchrist continued to punch and kick him. Then Defendant Gilchrist made Blanding remove his clothes and kicked him in the buttocks. Blanding states that he lost feeling in his arms and hands and that as a result of this incident, he continues to lack feeling in his left thumb and to suffer from lower back pain. Finally, Blanding alleges that he was charged falsely and locked up until his bruises healed. (See generally Compl., Docket Entry 1.)

---

[1] The court notes that verified complaints by *pro se* plaintiffs are considered affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Here, Blanding has filed a verified Complaint; therefore, the court has considered the factual allegations set forth in the verified Complaint in issuing this Report and Recommendation.

In support of summary judgment, the defendants have submitted affidavits from Defendant Gilchrist and Nurse Courson. Defendant Gilchrist's version of events is as follows. Defendant Gilchrist avers that while in the cafeteria, Blanding attempted to cut into line. Gilchrist directed Blanding to a second line. Gilchrist states that Blanding disobeyed a direct order and directed profanity at Gilchrist. Gilchrist escorted Blanding out of the cafeteria. Defendant Gilchrist contends that as he began to handcuff Blanding, Blanding "snatched" away from him and began throwing punches. Gilchrist states that he therefore employed two bursts of chemical munitions and Defendants Campbell and Gibbons placed Blanding on the ground and handcuffed him. Gilchrist attests that Blanding was taken to medical and given a shower. Finally, he avers that Blanding was charged with threatening to inflict harm on an employee, of which he was convicted at a disciplinary hearing on January 26, 2009. (See generally Gilchrist Aff., Docket Entry 30-2.)

Nurse Courson attests that on January 20, 2009, she was called to assess Blanding after a use of force. She avers that Blanding "stated that he had been jumped on, but did not give any names." Nurse Courson indicates that Blanding complained of back pain and left hand pain. She noted that Blanding's lumbar area was tender to the touch, he had equal hand grip strength, and he had a small laceration on his right elbow. She states that Blanding was taken outside for air and instructed to shower and wash his eyes. (See generally Courson Aff., Docket Entry 30-6.)

## DISCUSSION

A.  **Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party

*PJG*

who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Disciplinary Conviction**

The defendants first contend that Blanding's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). Contrary to the defendants' conclusory assertion, Blanding's claim for damages

stemming from the defendants' alleged use of excessive force is not barred due to his disciplinary conviction.² In Heck v. Humphrey, the United States Supreme Court held that

> to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

512 U.S. at 486-87. "When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed." Id. This rule also applies to prison disciplinary convictions. Edwards, 520 U.S. 641.

Here, Blanding received a disciplinary conviction for *threatening* to inflict harm on an employee. The defendants have not presented a copy of the SCDC policy describing the elements for such a conviction, nor have they provided any further explanation as to why Blanding's excessive force claim would be barred. The court finds that accepting the validity of Blanding's conviction is not inconsistent with a claim that the defendants used excessive force in response to such a threat. In other words, success on an excessive force claim would not necessarily imply the invalidity of Blanding's disciplinary conviction. Accordingly, the court finds that Blanding's claim for damages stemming from the defendants' alleged use of excessive force is not barred by Heck or Edwards. See, e.g., Lora-Pena v. F.B.I., 529 F.3d 503, 506 (3rd Cir. 2008) ("[C]onvictions for resisting arrest and assaulting officers would not be inconsistent with a holding that the officers, during a lawful arrest, used excessive (or unlawful) force in response to his own unlawful actions."); Bush v. Strain,

---

² To the extent that Blanding is attempting to challenge his disciplinary conviction in this action, such a claim must fail. Because he has not had his disciplinary conviction reversed, expunged, or invalidated by a writ of habeas corpus, any claim for damages resulting from his disciplinary conviction would indeed be barred by Heck, 512 U.S. 477, and Edwards v. Balisok, 520 U.S. 641 (1997).

PJG

513 F.3d 492, 498 (5th Cir. 2008) (stating that "a § 1983 claim would not necessarily imply the invalidity of a resisting arrest conviction, and therefore would not be barred by Heck, if the factual basis for the conviction is temporally and conceptually distinct from the excessive force claim"); Gilbert v. Cook, 512 F.3d 899, 901, 902 (7th Cir. 2008) ("Public officials who use force reasonably necessary to subdue an aggressor are not liable on the merits; but *whether* the force was reasonable is a question that may be litigated without transgressing Heck or Edwards."); Riddick v. Lott, No. 05-7882, 2006 WL 2923905, at *2 (4th Cir. Oct. 12, 2006) (unpublished) (indicating that due to the sparse record, the court could not determine whether the plaintiff's § 1983 claim would necessarily imply invalidity of his earlier conviction and stating that if "there is no legal nexus between the officer's alleged [force] and [the plaintiff's] resistance and assault; that is, the alleged [excessive force] occurred, independently, either before [the plaintiff] resisted arrest, or after his resistance had clearly ceased, then a successful § 1983 suit for excessive force would not imply invalidity of the conviction").

**C.      Excessive Force**

   **1.      *De Minimis* Injury**

In support of their motion for summary judgment on Blanding's excessive force claim, the defendants rely heavily on case law precluding recovery under § 1983 for *de minimis* injuries. However, the Fourth Circuit cases upon which they rely, such as Norman v. Taylor, 25 F.3d 1259 (4th Cir. 1994) and Riley v. Dorton, 115 F.3d 1159 (4th Cir. 1997), have been recently overruled by the United States Supreme Court. Wilkins v. Gaddy, 130 S. Ct. 1175 (2010). Furthermore, Blanding alleges in his verified Complaint that he was repeatedly punched, kicked, and stomped, causing him to sustain injuries to his lower back and left hand. Blanding asserts that he continues to suffer from lower back pain, which is supported by his medical records. Thus, even if Norman v. Taylor and its

progeny were still good law, such injuries would constitute more than *de minimis* injuries in any event, and the defendants have presented no affidavits refuting these allegations. Accordingly, the court does not recommend summary judgment on this ground.

**2.      Excessive Force Generally**

The Eighth Amendment to the United States Constitution expressly prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The " 'core judicial inquiry' " in an excessive force claim under the Eighth Amendment is " 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.' " Wilkins v. Gaddy, 130 S. Ct. 1175 (2010) (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992)). "[N]ot . . . every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. However, " '[w]hen prison officials maliciously and sadistically use force to cause harm,' . . . 'contemporary standards of decency always are violated . . . whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury.' " Wilkins, 130 S. Ct. 1175 (quoting Hudson, 503 U.S. at 9).

When analyzing excessive force claims, courts should consider factors such as (1) the necessity for the application of force; (2) the relationship between the need for force and the amount of force used; (3) the extent of the injury actually inflicted; (4) the extent of the threat to the safety of the staff and prisoners, as reasonably perceived by the responsible officials on the basis of the facts known to them; and (5) the efforts taken by the officials, if any, to temper the severity of the force applied. Whitley v. Albers, 475 U.S. 312, 321 (1986). Courts must give "wide-ranging deference" to the execution of policies and practices that in the judgment of the prison officials are necessary "to preserve internal order and discipline and to maintain institutional security." Id. at

321-22. The Supreme Court has recognized that prison officials work in an environment where there is an ever present potential for violence and unrest, and that courts should not substitute their judgment for that of the officials who must make a choice at the moment when the application of force is needed. Id. The deference owed to prison administrators extends to "prophylactic or preventive measures intended to reduce the incidence of . . . breaches of prison discipline." Id. at 322.

Further, the United States Court of Appeals for the Fourth Circuit has specifically addressed the use of chemical munitions in a prison setting. In Bailey v. Turner, 736 F.2d 963, 969 (4th Cir. 1984), the Fourth Circuit held that as long as the quantity of mace used is commensurate with the gravity of the occasion, its use does not violate the Constitution. Specifically, the Bailey Court held that prison officials may use mace to compel the obedience of a recalcitrant prisoner. Id. at 969-70. The Bailey Court found that the Eighth Amendment afforded prison officials the discretion to use mace on inmates to compel them to abide by prison rules, even if they did not pose an immediate physical threat. Id.

### 3. Discussion

Here, for the purposes of the summary judgment motion, the court views the disputed facts in the light most favorable to Blanding and assumes for purposes of this motion that the series of events that Blanding states occurred in his verified Complaint are true. As noted above, verified complaints by *pro se* plaintiffs are considered affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). These assertions include Blanding's averments that the defendants punched Blanding and used chemical munitions on him in response to Blanding's alleged cutting in the cafeteria line and repeatedly punched, kicked, and stomped him

after he was restrained. (See generally Compl., Docket Entry 1.) Moreover, the court observes that the affidavits of Defendant Gilchrist and Nurse Courson do not contradict these assertions by Blanding. Further, the record contains no statement from Defendants Campbell or Gibbons, and the defendant's memorandum in support of summary judgment provides minimal discussion supporting the application of the law to the facts and circumstances in this case. Accordingly, applying the Whitley factors, the court concludes that if a jury were to believe Blanding's version of the facts, it could reasonably find that the defendants' alleged use of force was not a good faith effort to restore and maintain prison discipline but rather was used maliciously and sadistically to cause physical harm. See Whitley, 475 U.S. at 321; Wilkins, 130 S. Ct. 1175; Hudson, 503 U.S. at 6-7; see also Bailey, 736 F.2d at 969. Thus, this issue requires credibility determinations that are not appropriate for resolution on summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

For these reasons, the court concludes that Blanding's verified Complaint is sufficient to state an Eighth Amendment violation.[3] Further, the court finds that the right to be free from excessive force was clearly established and the defendants are not entitled to summary judgment on the basis qualified immunity. See Pearson v. Callahan, 129 S. Ct. 808, 815-16 (2009); Harlow v. Fitzgerald,

---

[3] To the extent that Blanding attempts to allege any other constitutional violations, the court finds that he has failed to plead sufficient facts to state a plausible claim. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009). Further, in addition to monetary damages, Blanding seeks the imposition of criminal charges against the defendants based on their alleged actions. Because "[n]o citizen has an enforceable right to institute a criminal prosecution," Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990), such relief is not available.

457 U.S. 800, 818 (1982). The defendants' motion for summary judgment must therefore be denied regarding Blanding's excessive force claim as it pertains to the defendants' alleged actions.[4]

## RECOMMENDATION

Taking the facts in the light most favorable to Blanding, any claims based upon his disciplinary conviction are barred or not properly before the court in this action. However, genuine issues of material fact exist regarding Blanding's excessive force claim, so summary judgment is not appropriate as to that claim. Accordingly, the court recommends that the defendants' motion for summary judgment (Docket Entry 30) be granted in part and denied in part. In light of this recommendation, Blanding's motion for court assistance in obtaining affidavits (Docket Entry 37) should be terminated and Blanding's motion to admit evidence (Docket Entry 36) should be denied as premature.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 28, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[4] In response to the defendants' motion for summary judgment, Blanding has filed a Rule 56(f) affidavit indicating that because he has been moved from McCormick, he is unable to obtain needed affidavits from witnesses. He has also filed a motion seeking the court's assistance in procuring these affidavits because due to SCDC policy, Blanding states, and the defendants acknowledge, he is unable to communicate via mail with these other inmates. However, as stated above, the court has found that sufficient genuine issues of material fact exist to preclude summary judgment; therefore, these affidavits are unnecessary at this time for Blanding to defeat the defendants' motion.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).