IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Gregory Lamont Blanding, #298927, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 0:09-1270-HMH-PJG |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Lt. R. Gilchrist; Cpl. Campbell; | ) | |
| Ofc. Gibbons, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Gregory Lamont Blanding ("Blanding"), a state prisoner proceeding pro se, alleges violations of his civil rights pursuant to 42 U.S.C. § 1983. In her Report and Recommendation, Magistrate Judge Gossett recommends granting in part and denying in part Defendants' motion for summary judgment and denying Blanding's pending motions. (Report and Recommendation 10.)

### I. Factual and Procedural Background

In his verified complaint, Blanding alleges that on January 20, 2009, Defendant Lt. R. Gilchrist ("Lt. Gilchrist") "snatched" him out of the cafeteria line when he tried to stand in the

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

shorter serving line. Blanding "told [Lt. Gilchrist] to please keep his hands off [of him but Lt. Gilchrist] continued pushing and shoving [him] throughout the cafeteria area." (Compl. ¶ IV.) Lt. Gilchrist escorted Blanding outside of the cafeteria and "swung a[] closed fist . . . trying to strike [Blanding] in the face." (Id.) Blanding states that the next thing he recalls was "someone hitting [him] from the blind side on side [of his] face. Lt. Gilchrist [then] sprayed [Blanding] in the face with his MK 4 while Officer Gibbons . . . and Corporal D.L. Campbell . . . continued to punch, kick, and stomp [him.]" (Id.) Lt. Gilchrist admits that he "administered two short bursts to [Blanding's] face with [his] MK4 spray" prior to handcuffing him. (Defs. Mem. Supp. Summ. J. Attach. 2 (Lt. Gilchrist Aff. ¶ 3).) Blanding alleges that he was then handcuffed and beaten "all the way to . . . lock up." (Compl ¶ IV.) Blanding was then "thrown inside a cleaning supply closet and continued [to be] beaten by Lt. Gilchrist." (Id.) Blanding alleges that Lt. Gilchrist punched him in the face, kicked him in the buttocks, and "started stomping" him causing him to lose feeling in both of his arms and hands. (Id.) Blanding also states that he continues to have pain in his lower back and left thumb. (Id.)

Lt. Gilchrist alleges that he escorted Blanding out of the cafeteria for disobeying his direct order to go to a different serving line. (Defs. Mem. Supp. Summ. J. Attach. 2 (Lt. Gilchrist Aff. ¶ 2).) After taking Blanding out of the cafeteria, Lt. Gilchrist alleges that Blanding shouted profanities, "snatched away" from him and "began to throw punches." (Id. at 2.) To maintain order, Lt. Gilchrist asserts that he "administered two short bursts of chemical spray" and two officers then placed Blanding on the ground, placed him in handcuffs, and escorted him to lock-up. (Id.) Vera Courson ("Courson"), the nurse who assessed Blanding on the day of the alleged altercation, states that Blanding informed her that he "had been jumped on" and "complained of

2

back pain and left hand pain." (Defs. Mem. Supp. Summ. J. Attach. 6 (Courson Aff. ¶¶ 2-3).) Courson noted that Blanding "had equal hand grip strength [and] his lumbar area [was] tender when palpated." (Id. Attach. 6 (Courson Aff. ¶ 3).) Blanding also had a "small laceration to his right elbow." (Id. Attach. 6 (Courson Aff. ¶ 3).) Courson also noted that Blanding kept his eyes closed. (Id. Attach. 6 (Courson Aff. ¶ 4).) Blanding "was taken outside for air [and] instructed to have a shower and wash his eyes." (Id. Attach. 6 (Courson Aff. ¶ 4).)

Blanding filed a complaint against Defendants on May 12, 2009. On January 15, 2010, Defendants filed a motion for summary judgment. Blanding filed a memorandum in opposition to the motion for summary judgment on March 3, 2010. On the same day, Blanding also filed a motion to admit evidence. On June 9, 2010, Blanding filed a motion for order allowing Plaintiff to obtain affidavits. On June 28, 2010, Magistrate Judge Gossett filed a Report and Recommendation recommending that the court grant in part and deny in part Defendants' motion for summary judgment and deny Blanding's pending motions. (Report and Recommendation 10.) Defendants filed objections on July 15, 2010, and Blanding filed objections on July 26, 2010. This matter is now ripe for consideration.

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing

sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in the non-movant's favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

Moreover, "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

**B. Report And Recommendation**

The magistrate judge concluded that Defendants' motion for summary judgment should be denied as it relates to Blanding's excessive force claim. (Report and Recommendation 11.) Specifically, Magistrate Judge Gossett reasoned that "if a jury were to believe Blanding's version of the facts, it could reasonably find that the defendants' alleged use of force was not a good faith effort to restore and maintain prison discipline but rather was used maliciously and sadistically to cause physical harm." (Id. at 9.)

## C. Objections

Both Blanding and Defendants filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Blanding filed one objection to the magistrate judge's Report and Recommendation. Upon review, however, the court finds that Blanding's objection is non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, and merely restates his claims.[2] Defendants filed one specific objection to the Report and Recommendation. Defendants argue that "they are entitled to summary judgment even viewing all reasonable inferences in favor of the Plaintiff." (Defs. Objections, generally.)

Specifically, Defendants argue that Blanding's assertions are "not credible and entirely inconsistent with [his] medical records." (Id. at 4.) Defendants contend that "[a]ssuming [Blanding's] claims were true, it is simply not credible that he would have no visible injury

---

[2] Blanding asserts that "Defendants [motion for] summary judgement [sic] should be dismissed in its entirety," yet he also explains that he is "not tr[ying] to fight his disciplinary conviction." (Objections 4-5.) As such, Blanding merely wishes to pursue an excessive force claim. The magistrate judge recommends denying Defendants' motion for summary judgment as it relates to Blanding's excessive force claim and granting Defendants' motion to the extent that Blanding seeks to challenge his disciplinary conviction. Because Blanding is not challenging his disciplinary conviction and the magistrate judge recommends denying Defendants' motion for summary judgment on his excessive force claim, Blanding's objection is unrelated to the dispositive portion of the Report and Recommendation.

except a small laceration on his elbow." (Id.)  Defendants note that although Blanding's medical records show that he complained of back pain on February 18, 2009, there were no visible injuries noted.  (Id.); (Defs. Mem. Supp. Summ. J. Attach. 8 (Medical Records).)  Thus, Defendants argue that the "only reasonable inference [from the facts alleged by Blanding] is that minimal force was used to restore order."  (Defs. Objections 5.)

The ultimate inquiry in determining whether Defendants used excessive force is whether the measures taken "inflicted unnecessary and wanton pain and suffering."  Whitley v. Albers, 475 U.S. 312, 320 (1986).

> Where a prison security measure is undertaken to resolve a disturbance . . . the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm."

Id. at 320-21.  The court notes that while the "core judicial inquiry [is] not whether a certain quantum of injury was sustained," "[t]he extent of injury suffered by an inmate is one factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation."  Wilkins v. Gaddy, 130 S. Ct. 1175, 1178 (S.C. 2010) (internal quotation marks omitted).  "The extent of injury may also provide some indication of the amount of force applied."  Id.

Blanding does not deny that he fought against or "snatched away" from Defendants in either his response to Defendants' motion for summary judgment or in his objections.  Further, Blanding admits that he "made a comment" to Lt. Gilchrist prior to Lt. Gilchrist spraying him in the eyes.  (Objections 2.)  The court has reviewed the record de novo and finds that it would be unreasonable to infer that Defendants "snatched" Blanding from the serving line, escorted him

6

out of the cafeteria, sprayed him in his eyes, handcuffed and beat him, all without any provocation. "While the summary judgment mantra requires us to draw every reasonable inference in favor of the nonmoving party, inferences, to qualify, must flow rationally from the underlying facts; that is, a suggested inference must ascend to what common sense and human experience indicates is an acceptable level of probability." Nat'l Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 743 (1st Cir. 1995).

Blanding's injuries are consistent with the use of force made in a good faith effort to maintain or restore discipline. According to Blanding and Defendants, Defendants used force by spraying and handcuffing Blanding. The extent of Blanding's injuries is consistent with the application of minimal force that was necessary to maintain or restore order. Whether Defendants used excessive force is not dependent upon the extent of Blanding's injuries. Wilkins, 130 S. Ct. at 1178. However, even when viewing the facts in the light most favorable to Blanding, the court cannot reasonably infer that Defendants maliciously and sadistically used excessive force upon Blanding in an attempt to cause him harm.

Based on the foregoing, the court adopts Magistrate Judge Gossett's Report and Recommendation to the extent that it is consistent with this Order.

Therefore, it is

**ORDERED** that Defendants' motion for summary judgment, docket number 30, is granted. It is further

**ORDERED** that Blanding's motion to admit evidence, docket number 36, is denied as moot; and it is further

**ORDERED** that Blanding's motion for order allowing Plaintiff to obtain affidavits, docket number 37, is denied as moot.

**IT IS SO ORDERED**.

                                            s/Henry M. Herlong, Jr.
                                            Senior United States District Judge

Greenville, South Carolina
August 9, 2010

## NOTICE OF RIGHT TO APPEAL

The Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.